UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>                    Plaintiffs,<br>       v.<br><br>HTC AMERICA, INC.,<br><br>                    Defendant. | CASE NO. C17-1558JLR<br><br>ORDER GRANTING MOTION TO CONSOLIDATE |

## I. INTRODUCTION

Before the court is Defendant HTC America, Inc.'s ("HTC") motion to consolidate *Uniloc USA, Inc. v. HTC America, Inc.*, No. C17-1629JLR (W.D. Wash.), with three other previously consolidated patent cases Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc") filed against HTC in this District. (*See* MTC (Dkt. # 32); *see also* Consol. Order (Dkt. # 26).) Uniloc opposes the motion. (MTC Resp. (Dkt. # 36).) The court has considered the motion, the parties' submissions

in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motion for the reasons set forth below.

## II. BACKGROUND

On October 20, 2017, Uniloc filed three patent cases against HTC ("the HPE cases")[2], alleging infringement of U.S. Patent Nos. 6,622,018 ("the '018 patent"), 6,661,203 ("the '203 patent"), and 6,580,422 ("the '422 patent"). (*See* JSR (Dkt. # 24); 3/1/18 Min. Entry (Dkt. # 25).) Uniloc filed a fourth case ("the FullPower case") against HTC on November 1, 2017, alleging infringement of three additional patents: U.S. Patent Nos. 7,653,508 ("the '508 patent"), 7,881,902 ("the '902 patent"), and 8,712,723 ("the '723 patent"). *Uniloc*, No. C17-1629JLR, Dkt. # 1 ("Compl."). In their February 16, 2018, joint status report, the parties agreed that the first three cases were related but disagreed about the fourth case. (JSR at 2.) On March 1, 2018, the court held a telephone conference and consolidated the first three cases. (*See* 3/1/18 Min. Entry; Consol. Order at 1.)

After the conference, HTC moved to consolidate all four matters. (*See* MTC.) HTC contends that although the cases involve different patents, they nevertheless involve common questions of fact, the same parties, the same counsel, similar legal theories, and

---

[1] No party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] For the purposes of this order, the court adopts Uniloc's labeling of the actions. (*See* MTC Resp. at 2-3.)

"nearly identical relief for a similar set of accused products." (*Id.* at 1.) For those reasons, HTC argues that further consolidation will promote judicial economy. (*Id.*) Uniloc disagrees. (*See generally* MTC Resp.) The court now addresses the motion.

### III. ANALYSIS

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). If the actions have a common question of law or fact, the court "weigh[s] the interests of judicial economy against any delay or prejudice that might result." *Veljanoski v. Juno Therapeutics, Inc.*, No. C16-1069RSM, 2016 WL 9525238, at *1 (W.D. Wash. Oct. 7, 2016); *see also First Mercury Ins. Co. v. SQI, Inc.*, No. C13-2110JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014). The court's discretion under Rule 42(a) is broad. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Similarly, the Western District of Washington's Local Civil Rules provide that cases are related when they "concern substantially the same parties, property, transaction, or event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." Local Rules W.D. Wash. LCR 3(g)(2)(A)-(B).

The court first finds that the fourth case shares a common issue of fact with the three previously consolidated matters. All four of the cases involve some overlap of the products Uniloc accuses of infringement. *Compare Uniloc*, No. C17-1629JLR, Compl. ¶ 10, *with* (JSR at 2.) Although the patents at issue in each of the suits are different, the

//

fact that Uniloc accuses the same HTC products of infringing those patents is common to all four cases. *Compare Uniloc*, No. C17-1629JLR, Compl. ¶ 10, *with* (JSR at 2.)

The court also finds that the judicial economy to be gained from consolidating the four matters outweighs any delay or prejudice to Uniloc. *See Veljanoski*, 2016 WL 9525238, at *1. As HTC points out, because the product lines utilizing the allegedly infringing patents largely overlap, the cases "involve common questions of fact related to at least the sales and marketing" of those products. (MTC at 4.) This is so even though claim construction does not overlap. (*See* MTC Resp. at 6.) In addition, consolidation will promote efficiency in discovery. (*See* MTC at 4; *see also* MTC Resp. at 5.) Indeed, Uniloc acknowledges as much, stating that "there would be some efficiencies gained by sharing discovery across" the cases. (MTC Resp. at 5.)

Most importantly, the court discerns no significant prejudice to Uniloc from consolidation because none of the four cases have progressed beyond Rule 12(b) motions or answers to the complaints.[3] (*See generally* Dkt.); *Uniloc*, No. C17-1629JLR, Dkt. In addition, no scheduling order has yet been entered in the FullPower case. *See Uniloc*, No. C17-1629JLR, Dkt.

---

[3] Uniloc's primary argument against consolidation is that the three previously consolidated cases may be transferred to the United States Judicial Panel on Multidistrict Litigation ("MDL Panel"). (*See* MTC Resp. at 4-5.) However, on April 6, 2018, the MDL Panel denied Uniloc's motion to "centralize pretrial proceedings in this patent litigation." (Notice (Dkt. # 38), Ex. A ("MDL Order") at 2.) Thus, this basis for Uniloc's opposition is now moot. The court recognizes that the MDL Panel based its decision in part on a "lack of commonality" between the 25 patent infringement actions Uniloc sought to transfer. (*Id.*) However, the MDL Panel's determination does not undermine the court's conclusion here. First, the MDL Panel was not considering the Rule 42(a) consolidation standard (*see generally id.*), and second, the court here considers the consolidation of only four cases before it—not of 25 cases from across the country.

The only hint of prejudice Uniloc identifies arises from the possibility that one of the parties could seek *inter partes review* ("IPR") of the patents and consequently, a stay pending IPR. (MTC Resp. at 6.) That amorphous—and currently unrealized—threat of prejudice is not enough to overcome the judicial economy from consolidating the cases. If HTC requests such a stay, Uniloc may at that time address the request. (*See id.* (quoting *Freeman v. Delta Air Lines, Inc.*, No. 13-cv-04179 JSW, 2014 WL 5830246, at *5 (N.D. Cal. Nov. 10, 2014) ("Consolidation under Rule 42(a) does not automatically merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties to the other." (internal quotation marks omitted)).) For those reasons, the court grants HTC's motion to consolidate. No scheduling order has yet been entered for the FullPower case. *See Uniloc*, No. C17-1629JLR, Dkt. However, before that case was transferred to the undersigned judge, the parties filed a joint status report in which they proposed *Markman*-related deadlines, pretrial deadlines, and a trial date earlier than or similar to the dates the court has already set for the three previously consolidated cases. *See id.*, Dkt. # 21 ("FullPower JSR"); (JSR.) For that reason, the court's scheduling order for the three previously consolidated matters now governs all of the consolidated matters. (*See* Sched. Order (Dkt. # 28).) If either party believes there is good cause for altering the court's scheduling order, the party may raise that issue no later than seven (7) days after the entry of this order. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("Rule 16's 'good cause' standard focuses on the diligence of the party" seeking reprieve from a deadline.). The court

//

cautions, however, that it is unlikely to find good cause at this time, given the proposed dates in the FullPower joint status report. *See Uniloc*, No. C17-1629JLR, FullPower JSR.

## IV.   CONCLUSION

For the reasons set forth above, the court GRANTS HTC's motion to consolidate (Dkt. # 32). All future pleadings filed in this matter shall bear the cause number C17-1558JLR. The court further ORDERS that its previously entered scheduling order (Dkt. # 28) governs this consolidated matter. Should either party believe there is good cause for altering the scheduling order, the party may raise that issue no later than seven (7) days after the entry of this order. The court cautions, however, that it is unlikely to find good cause at this time given the parties' proposals in their joint status report. *See Uniloc*, No. C17-1629JLR, FullPower JSR.

Dated this 3rd day of May, 2018.

JAMES L. ROBART
United States District Judge